# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2018

Lyle W. Cayce
Clerk

SUSAN REBECCA CAMMACK, Sovereign Principal,

Plaintiff - Appellant

v.

ROBERT RHEA BARTON, Judge of a Statutory Court, in his official and individual capacity,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-414

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Susan Rebecca Cammack appeals the dismissal of her civil rights complaint as frivolous under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  Our review is for abuse of discretion.  *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

In this court, Cammack asserts that the district court erred in dismissing her official-capacity claims against Judge Robert Rhea Barton under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50749

Eleventh Amendment. However, she offers no legal analysis or citation to legal authority in her brief. Her discussion of the issue consists entirely of rambling allegations and conclusory statements.

We construe liberally the briefs filed by pro se litigants. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nonetheless, even pro se parties must reasonably comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that the appellant's brief contain, among other things, an argument setting out the appellant's contentions and the reasons for them. *Id.* at 224-25. Because Cammack has not adequately briefed her challenge to the district court's dismissal of her official-capacity claims as barred by the Eleventh Amendment, she has waived the issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Cammack does not specifically address the district court's determination that her individual-capacity claims were barred by the doctrine of judicial immunity. She contends only that the court dismissed her official-capacity claims without considering her individual-capacity claims, which is a contention that is belied by the record. Cammack has therefore waived any challenge to the district court's dismissal of her individual-capacity claims by failing to brief the issue. *See id.*

Under the section of her brief titled "Argument and Standard of Review," Cammack lists the elements of false imprisonment under Texas law and cites cases dealing with claims of false imprisonment. She does not, however, address the district court's conclusion that her claim of false imprisonment was barred by absolute judicial immunity. As such, she has waived the issue. *See id.*

The judgment of the district court is AFFIRMED.

2